**Theodis Lee BOGNEY,
Plaintiff–Appellant,**

v.

**A.W. JONES and Ellen M. Tucker,
Defendants–Appellees.**

**No. 89–2784
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 27, 1990.

Rehearing Denied Aug. 15, 1990.

Walter J. Pink, Robert T. Wallace, Houston, Tex., for plaintiff-appellant.

Jeannette M. McAllister, Butler & Binion, Houston, Tex., for Jones.

Ben W. Childers, Cordes & Childers, Sugarland, Tex., for Tucker.

Before GEE, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The district court awarded $6,000 against appellant and his attorneys jointly and severally to sanction a violation of Fed.R.Civ.P. 11. We must decide whether the district court should have issued findings and conclusions of law supporting the award and, if not, whether it is so large as to constitute an abuse of discretion. We affirm, because both the basis and amount for the award were readily discernible from the trial court record. *Thomas v. Capital Securities Services, Inc.*, 836 F.2d 866, 883 (5th Cir.1988) (*en banc*).[1]

Appellant Theodis Lee Bogney filed this "civil rights" action in January 1988, alleging that appellees A.W. Jones and Ellen M. Tucker, the latter a justice of the peace in San Jacinto County, Texas, had conspired to wrongfully deprive, and did in fact deprive him of a certain ten-acre tract of land. In a hearing in which Jones sought an ex parte temporary restraining order against foreclosure of the property, the court asked counsel whether he was familiar with Fed.R.Civ.P. 11, and counsel replied that "Rule 11 states that you must show the court that you have jurisdiction." The motion for temporary relief was denied. The defendants then sought and obtained a dismissal from the district court on the ground that there was no subject matter jurisdiction. At a hearing on the motion to dismiss, the district court repeatedly requested counsel for Bogney to explain the legal basis for asserting civil rights claims against the mortgageholder and justice of the peace in whose court a forcible entry and detainer action against Bogney had been filed. Counsel contended that the federal court had jurisdiction because the justice of the peace was handling a case "outside of her jurisdiction". Counsel was unable to state how the civil rights statutes applied to the facts he alleged. The court then gave notice that he would impose Rule 11 sanctions and asked counsel for appellees to prepare a motion and supporting affidavit concerning their attorneys' fees. Bogney never responded to the Rule 11 motion, and in June, 1989, the court awarded appellees $6,000 to reimburse a portion of their attorneys' fees and expenses in prosecuting the action.

Rule 11 requires that pleadings filed in federal court be sustained by a reason-

---

1. Appellant also challenges the district court's decision to dismiss his complaint on the merits. The district court's dismissal order was entered nearly a year before the Rule 11 fee award. The Supreme Court has held that a decision on the merits is final for purposes of appeal irrespective of the determination of attorneys' fees. *Budinich v. Becton, Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Here, the notice of appeal was not filed until after the district court entered its sanction award, and was thus too late to pertain to the court's earlier decision on the merits. *See* Fed.R.App.P. 4(a).

able basis in law and fact. It is not the purpose of Rule 11 to deter parties from making arguments in good faith for the extension of existing rules of law. Courts may determine, however, whether there is a factual basis that supports a pleading and whether those facts, if true, objectively support the claim asserted. We have held that once a violation of Rule 11 is demonstrated, a court must impose sanctions, subject to review only for abuse of its discretion. *Thomas v. Capital Securities Services, Inc., supra.* We have not required specific findings and conclusions by the district court in all Rule 11 cases. We stated that:

> Like a sliding scale, the degree and extent to which a specific explanation must be contained in the record will vary accordingly with the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award.

*Thomas,* 836 F.2d 866, 883. We have accordingly vacated and remanded large sanction awards where a district court did not determine whether the fees awarded were reasonably incurred as a result of a violation of Rule 11 and in light of the duty to mitigate. *Thomas,* 836 F.2d at 878. In *Willy v. Coastal Corp.,* 855 F.2d 1160, 1172–73 (5th Cir.1988), we vacated and remanded for specific findings because the district court's award in excess of $20,000 could not be tied to the precise Rule 11 violation at issue nor to the fee affidavit submitted by counsel in support of their Rule 11 motion. *See also Ho v. Martin Marietta Corp.,* 845 F.2d 545 (5th Cir. 1988).

■ The district court did not enter findings and conclusions in connection with the large Rule 11 sanction imposed here. However, several features of this case differ from *Willy* and convince us that the justification for the district court's sanction is apparent in the trial court record. First, Bogney's lawsuit could not even colorably be maintained in federal court. The whole purpose of his lawsuit was apparently to forestall a state court foreclosure proceeding from which he had taken no appeal. The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority. *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986); *Hagerty v. Succession of Clement,* 749 F.2d 217 (5th Cir.1984). This is not a case in which one type of relief sought was ill-founded or in which a single discrete cause of action, out of many, could be readily dismissed: this lawsuit had no foundation at all. The court obviously perceived that fact and allowed Jones's counsel to claim all of his defense fees as a sanction.[2] Second, in court appearances, counsel for Bogney were woefully unprepared and made little attempt to explain or support their client's position. This is not to say that their appearances constituted additional violations of Rule 11, which is based on written pleadings; rather, we point out that Bogney's lawyers frittered away their opportunities to mitigate the violations. Third, Bogney never responded to Jones's motion for Rule 11 sanctions and so may be deemed to have conceded that they were properly imposed and reasonable in the amount sought. In this court, Bogney does not contest the $6,000 award, but continues to flounder in the hopeless assertion that his charges against the justice of the peace were made in good faith under the federal civil rights laws.

■ Recognizing that the award in this case is large, and that the *Thomas* sliding-scale approach suggests a need for scrutiny, we have carefully examined the trial court record regarding the sanction. Jones's motion for Rule 11 sanctions was accompanied by an affidavit of his trial counsel and copies of the law firm printouts showing the hours expended and amounts billed to the client in this and related Bogney litigation matters. The bills and printouts show that counsel invested over $7,000 in billable time and ex-

---

**2.** Although a Rule 11 sanction cannot be based on actions occurring outside the lawsuit to which the motion pertains, we note that Bogney had recently filed two bankruptcy proceedings and at least one additional state court lawsuit preceding this action, all related to Jones's attempts to foreclose.

penses on this lawsuit alone, and Jones was billed for the entirety of her efforts. That several Bogney-related legal proceedings are included within the printouts is a complicating factor, but the printout information is sufficiently segregated to sustain counsel's affidavit concerning her fees. Although counsel may have indulged in some overkill in researching this action, excessive pleadings and motions were not filed and, because the Rule 11 motion was initiated by the court, counsel cannot be charged with inflating the chargeable time to obtain a higher sanction award. Counsel's efforts overall were reasonable, as the trial court inferentially found.

As a reviewing court, we would not want to pore over every trial court record in which Rule 11 sanctions were imposed, hoping to infer the basis and amount of the award.[3] In this case, however, the record is short, the materials supporting counsel's motion are reasonably specific, and there is virtually no room for misunderstanding the court's motivation. These facts, combined with appellant's default in responding to the motion, inform our decision not to remand for findings and conclusions by the district court. Its judgment is therefore

AFFIRMED.

---

**3.** If a district court denies a request for Rule 11 sanctions, when such sanctions appear justified, the record must reflect some reason for its action. *Thomas,* at 883; *see also Corpus Christi Taxpayers v. Corpus Christi, Texas,* 858 F.2d 973, 977 (5th Cir.1988).