United States Court of Appeals,

Fifth Circuit.

No. 91-2818.

Michael K. TOPALIAN, et al., Plaintiffs,

Roy Jacobs, Jr., Richard H. Manuel, and Bobby W. McDonald, Plaintiffs-Appellants,

and

Armando Lopez, Appellant,

v.

John N. EHRMAN, etc., et al., Defendants-Appellees.

Oct. 12, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before WIENER, BARKSDALE, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Appellants Armando Lopez, Roy Jacobs, Jr., Richard H. Manuel, and Bobby W. McDonald appeal the Final Judgment of the United States District Court for the Southern District of Texas, Houston Division, imposing sanctions in the amount of $1,000 each on Jacobs, Manuel, and McDonald (hereinafter together, "Plaintiffs"), and in excess of $300,000 on their attorney, Lopez. We affirm the sanctions against Plaintiffs; and vacate the trial court's sanctions order and remand the case for more specific factual findings as to the sanctionable conduct of Lopez, according to the rule we announced in *Thomas v. Capital Security Services,* 836 F.2d 866, 876-77 (5th Cir.1988) (en banc).

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs and 12 other investors originally brought this suit against 23 defendants, including Appellees. The district court rendered summary judgment against all plaintiffs on all causes of action.[1] While the summary judgment motion was on appeal, the district court—after inviting and

---

[1]This court affirmed that summary judgment in *Topalian v. Ehrman,* 954 F.2d 1125 (5th Cir.1992). In doing so, we decided an issue which has become involved now in this second appeal: Defendants-Appellees in that appeal moved for sanctions against Plaintiffs-Appellants

receiving motions for sanctions from defendants—entered a sanctions order awarding attorney's fees against the Plaintiffs and against their counsel, Lopez.[2]

The district court awarded sanctions against Plaintiffs under Rule 11 because it held that they were more responsible for the content of the pleadings than were the other investors in that they were officers and directors of one of the defendant companies, and therefore had prior personal knowledge of the verity of the facts alleged in their complaint.

The district court awarded sanctions against Lopez under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. In its order sanctioning Lopez, the district court stated its findings that Lopez submitted to the court as a true and correct copy a document that had been materially and deliberately altered; that he responded late or not at all to motions filed by the defendants; that he filed several motions for an improper purpose or merely to delay the proceedings; that he submitted pleadings in violation of Rule 11; and that he disobeyed a court order to reimburse a party to the suit for expenses incurred in travelling from New York to Texas for a deposition.

---

under Fed.R.App.P. 38, alleging that the appeal was frivolous. As we discuss below, we rejected this contention and denied the motion for Rule 38 sanctions.

[2]The trial court's Final Judgment reads in part as follows:

ORDERED that the following sanctions are imposed:

1. Plaintiffs Roy Jacobs, Richard Manuel, and Bobby McDonald shall pay sanctions in the amount of $1,000 each.... The sanctions shall be paid to [Ehrman's counsel] Mr. Frank Pinedo who shall divide the $3,000.00 equally among Defendants....

4. Armando Lopez shall pay the following sanctions pursuant to 28 U.S.C. § 1927 and Rules 11, 26(g), 34(b) and 37, Fed.R.Civ.P.:

a. Attorney's fees in the amount of $60,236.61 to the Ehrman Defendants, which was awarded by the Court on December 11, 1989, plus attorney's fees in the amount of $39,763.39 as compensation for services from the date of the Court's previous order;

b. Attorney's fees in the amount of $100,000.00 to the Rio Bravo Defendants;

c. Attorney's fees to Rockwood in the amount of $89,999.98, which was awarded by the Court on December 13, 1989, plus the sum of $10,000.02 as compensation for services from the date of the Court's previous order;

d. Attorney's fees in the amount of $2,000.00 to the Roderick Johnson Defendants.

The lower court further sanctioned Lopez for violations of the discovery rules, Fed.R.Civ.P. 26(g), 34(b), and 37. The trial judge found that Lopez violated these rules by filing a motion for sanctions against the defendants for their failure to produce documents that the court had previously ordered did not need to be produced; by responding late or not at all to motions for discovery; by being uncooperative in the discovery process; by continually rescheduling or cancelling depositions at the last minute; by failing to produce witnesses for depositions after those depositions had lasted past a certain time period; by being uncooperative and argumentative at depositions; by appearing in court late on at least one occasion; and by offering frivolous and time-consuming arguments for his lack of diligence in pursuing the litigation.

After setting out these findings in its order, the district court entered a final judgment imposing the sanctions. This appeal followed.

## II. ANALYSIS

The district courts wield their various sanction powers at their broad discretion. *See, e.g., Thomas,* 836 F.2d at 876-877 (sanctions under Rule 11); *Burull v. First Nat'l Bank,* 831 F.2d 788, 790 (8th Cir.1987), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988) (sanctions under 28 U.S.C. § 1927); *Bell v. Bell,* No. 86-4321 (5th Cir.Sept. 17, 1986) (sanctions under Rule 26(g)); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980) (sanctions under Rule 37).

We in turn may reverse a district court's award of sanctions only if we find that the court abused its discretion in imposing them. *Thomas,* 836 F.2d at 872; *Trevino v. Holly Sugar Corp.,* 811 F.2d 896, 907-908 (5th Cir.1987) (sanctions under 28 U.S.C. § 1927); *Bell,* No. 86-4321 at 6-7 (sanctions under Rules 11, 26(g), and 37); *Batson v. Neal Spelce Assoc.,* 765 F.2d 511, 512 (5th Cir.1985) (sanctions under Rule 37). Although the district court imposed these sanctions under various rules, we review all of the awards by the same standard: the question we address is not whether this Court, in its own judgment and as an original matter, would have imposed any of these sanctions. Rather, we only ask whether the district court abused its discretion in doing so. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d

747 (1976).

1. Rule 11 Sanctions Against Plaintiffs

As their first point of error, Appellants argue that "a represented litigant is not sanctionable under Rule 11, wholly apart from the signing requirement, simply because his lawyer has signed and filed a purportedly sanctionable court paper or lawsuit." However, in *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 124, 110 S.Ct. 456, 459, 107 L.Ed.2d 438 (1989), the United States Supreme Court noted that Rule 11 is to be interpreted literally. We therefore reject Appellants' position as inconsistent with the clear language of Rule 11 on this point: "If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, *a represented party,* or both, an appropriate sanction...." Fed.R.Civ.P. 11 (emphasis added). This language is reinforced in the Advisory Committee Note to Rule 11: "If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both.... Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client." *citing Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078 (2d Cir.1977).[3] Rule 11 clearly allows district courts the discretion in appropriate cases to impose sanctions against non-signing represented parties for violations of the rule by their attorneys. *See, e.g., Jennings v. Joshua Independent School District,* 948 F.2d 194 (5th Cir.1991). Appellants' first point of error is overruled; and we affirm the judgment of the trial court in so far as sanctions against Jacobs, Manuel, and McDonald are concerned.

2. Effect of Sanctions Ruling in Prior Appeal

In their third point of error, Appellants remind us of our earlier opinion affirming the summary judgment entered against them. There, we denied Appellees' motion for sanctions against Appellants for bringing a frivolous appeal pursuant to Fed.R.App.P. 38, saying "although plaintiffs

---

[3]Appellants are correct in their assertion that imposition of sanctions on the client is not proper every time an attorney violates Rule 11. For example, the court in *DASA Corp.* held that sanctioning a client for bad faith claims under Rule 11 is improper unless the client is personally aware of or responsible for any procedure instituted in bad faith. 560 F.2d 1078.

[Appellants in both appeals] have not met the evidentiary burden required to survive defendant's motion for summary judgment, we cannot summarily dismiss the issues they have brought before us as "frivolous.'" *Topalian,* 954 F.2d at 1140. Appellants argue that we cannot affirm the trial judge's findings because we are bound to our earlier decision that their appeal was not frivolous.

Appellants' argument on this point must fail, however, because it confuses our discretionary sanctioning power under Rule 38 with the standard by which we review sanctions imposed by a district court. In declining to impose sanctions under Rule 38 in the first appeal, we did not review any findings by the trial court as to whether the claim was frivolous. Rather, we evaluated the appeal of that claim *de novo,* exercising our own discretion. *See* Fed.R.App.P. 38 advisory committee note. And in our discretion, we determined that the appeal was not frivolous, and therefore we declined to impose sanctions on Appellants. But, in reviewing sanctions imposed under the district court's various sanctioning powers, we will not suppose to substitute our judgment for that of the trial court, when it comes to enforcement of acceptable standards of litigation conduct. *Thomas,* 836 F.2d at 873, *citing Eastway Construction Corp. v. City of New York,* 637 F.Supp. 558, 566 (E.D.N.Y.1986). It is inconsistent with the purposes of a district court's power to sanction, as well as the principles of appellate review, to hold here that our earlier decision on appeal now binds our review of the district court's exercise of discretion in awarding sanctions in the first instance. Therefore, our earlier denial of Rule 38 sanctions notwithstanding, we hold that we are free to affirm the sanctions order if we find that the district court did not abuse its discretion in awarding these sanctions.

3. Specific Findings to Support Sanctions

Even though we have overruled two of Appellants' contentions, we find ourselves in agreement with Appellants' second point of error; and accordingly we must vacate the trial court's award of sanctions against Lopez; and remand the case for further factual findings to support that award. We reach this conclusion because the district court's findings provide an insufficient basis for reviewing the district court's decision for an abuse of discretion, and because in *Thomas* we required

specific factual findings to support awards as large as this one.[4]

We recognize that a district court need not provide specific factual findings in every sanction order. However, as we said in *Thomas:*

> the rule we adopt does emphasize the importance of an adequate record for appellate review ... Like a sliding scale, the degree and extent to which a specific explanation must be contained in the record will vary accordingly with the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award.
>
> If the sanctions imposed are substantial in amount, type, or effect, appellate review of such awards will be inherently more rigorous; such sanctions must be quantifiable with some precision. 836 F.2d at 883.[5]

The sanctions award of over $300,000 against Lopez in the present case clearly belongs near the upper end of the "sliding scale" described in *Thomas,* and therefore our scrutiny of it requires very specific factual bases from which we may conduct our duty of "rigorous" review for abuses of the district court's discretion.

In *Thomas,* this court said that the sanction should be tailored to fit the particular wrong; and therefore, we reasoned, "the district court should carefully choose sanctions that foster the appropriate purpose of the rule, depending on the parties, the violation, and the nature of the case."

---

[4]Appellees urge that the record in this case contains more than an adequate basis for the sanctions award, and that Appellant's argument merely attempts to ignore volumes of record and look only to a brief set of findings by Judge Black. Appellees cite *Bogney v. Jones,* 904 F.2d 272 (5th Cir.1990) as authority for our power to uphold a sanctions award simply by reviewing the record. But our reading of *Bogney* convinces us that such is the exception, not the rule. In *Bogney,* the court stated "as a reviewing court, we would not want to pore over every trial court record in which Rule 11 sanctions were imposed, hoping to infer the basis and amount of the award. In this case, however, the record is short, the materials supporting counsel's motion are reasonably specific, and there is virtually no room for misunderstanding the court's motivation." *Id.* at 275. On the other hand, in the present case the record is exceptionally long, 28 volumes, and we decline to scour it in the hope of finding some support for the district court's award, which it failed to articulate in its findings.

[5]While *Thomas* dealt only with Rule 11 sanctions, we feel that it is instructive as to the nature and standards of sanction powers and review in general, despite the obvious procedural differences among the sanction provisions at issue in this appeal (*e.g.,* Rule 11 involves mandatory sanctions once a violation is found, while 28 U.S.C. § 1927 leaves the decision whether or not to impose a sanction to the court's discretion; Rule 11 and § 1927 deal with claims and pleadings in general, while Rules 26(g) and 37 deal only with discovery abuses). Therefore, although conduct that violates one rule may not warrant the same type or amount of sanction as conduct that violates another rule, we think the underlying principles elucidated in *Thomas* in the context of Rule 11 apply across-the-board to all of the district court's sanction powers.

*Thomas,* 836 F.2d at 877.  From *Thomas* and our recent post-*Thomas* cases reviewing sanction orders,[6] we discern four factors which the trial court's findings must reflect, the specificity of which is calculated according to *Thomas's* "sliding scale," in ordering sanctions:

(1) *What conduct is being punished or is sought to be deterred by the sanction?*  It is axiomatic that the court must announce the sanctionable conduct giving rise to its order.

(2) *What expenses or costs were caused by the violation of the rule?*  The district court must demonstrate some connection between the amount of monetary sanctions it imposes and the sanctionable conduct by the violating party.  *See Thomas,* 836 F.2d at 879;  *Willy v. Coastal Corp.,* 855 F.2d 1160, 1173 (5th Cir.1988), *appeal after remand,* 915 F.2d 965 (1990); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir.1974).

(3) *Were the costs or expenses "reasonable," as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention?*  "A party seeking [costs and fees for defending against frivolous claims] has a duty to mitigate those expenses, by correlating his response, in hours and funds expended, to the merit of the claims," *Thomas,* 836 F.2d at 879, as well as by giving notice to the court and the offending party promptly upon discovering the sanctionable conduct.  *See Chapman & Cole v. Itel Container International B.V.,* 865 F.2d 676, 684 (5th Cir.1989).  The

---

[6]A closer examination of this Circuit's post-*Thomas* opinions provides additional guidance for trial courts.

> *See, e.g., Akin v. Q-L Investments, Inc.,* 959 F.2d 521, 534-35 (5th Cir.1992) (large sanction required specific factual findings as to factors used to consider appropriate sanction, alternative sanctions considered, and reason for choosing particular sanction); *Jennings,* 948 F.2d at 196-99 (vacating "arbitrary" and "cryptic" decision to award half of claimed attorney's fees;  holding instead that amount of Rule 11 sanctions should be tied directly to expenses directly caused by violation);  *Willy v. Coastal Corp.,* 915 F.2d 965, 968 (5th Cir.1990) (affirming sanction award supported by district court's findings of "causal relationship" between attorney's conduct and amount of sanctions imposed); *Bogney,* 904 F.2d at 274 (noting that sanction amount must be tied to the precise Rule 11 violation at issue);  *Truck Treads, Inc. v. Armstrong Rubber Co.,* 868 F.2d 1472, 1475 (5th Cir.1989) (reversing portion of attorney fee award that was not directly caused by the Rule 11 violation);  *Willy v. Coastal Corp.,* 855 F.2d 1160, 1173 (5th Cir.1988) (reversing sanctions award because trial court did not explain how it arrived at specific figure);  *Ho v. Martin Marietta Corp.,* 845 F.2d 545, 549 (5th Cir.1988) (vacating attorney fee award because trial court did not identify specific act committed by plaintiff that warranted sanctions);  *Smith Intern. Inc. v. Texas Commerce Bank,* 844 F.2d 1193, 1202 (5th Cir.1988) (directing trial court to apportion sanctions among offending appellants to reflect individual rule violations of each).

Court's findings must reflect some consideration of the reasonableness of the nonviolating party's actions in connection with the sanctionable conduct.

(4) *Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which it was imposed?* In *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212-213 (5th Cir.1976), followed in *Thomas,* 836 F.2d at 878, we ruled that district courts must demonstrate that sanctions are not vindictive or overly harsh reactions to objectionable conduct, and that the amount and type of sanction was necessary to carry out the purpose of the sanctioning provision. *See also, Akin v. Q-L Investments, Inc.,* 959 F.2d 521, 534-535 (5th Cir.1992).

Because the "sliding scale" rule of *Thomas* requires the district court to provide very specific factual findings on each of the factors above to support sanctions as large as those before us today, we must vacate the trial judge's order and remand for findings on each of the factors just discussed. As we said in *Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 517 (5th Cir.1985), "[w]hile we leave the determination of reasonable attorney's fees and expenses to the sound discretion of the district court, the court must articulate reasons for its assessment so that, if appealed, we may have a basis to review the court's action."

One of the problems we face in reviewing the sanctions on appeal here is the district court's failure to differentiate between the rules under which it imposed the sanctions. In its order, the court merely said that it imposed the sanctions "pursuant to 28 U.S.C. § 1927 and Rules 11, 26(g), 34(b) and 37, Fed.R.Civ.P." As a result, we cannot determine what portions of the sanctions award are attributable to what rule violations. *See, e.g., Sheets v. Yamaha Motors Corp., U.S.A.,* 849 F.2d 179, 186 (5th Cir.1988); *compare Chapman & Cole,* 865 F.2d at 687 (upholding an award of sanctions imposed under Rules 11, 26, and 37).

Certainly, an award of *all* costs incurred in defending this cause of action would not be appropriate if the violations consisted primarily of abuses of the discovery procedures, *see, e.g., Pressey v. Patterson,* 898 F.2d 1018, 1023 (5th Cir.1990) (reversing an award of $900,000 in attorney's fees where the court's findings specified only discovery violations). Furthermore, where the violation consists of unreasonably or vexatiously multiplying the litigation, the sanction should

reflect only the costs or fees incurred in responding to those proceedings that are found to be unreasonable or vexatious. *See* 28 U.S.C. § 1927 ("*excess* costs, expenses, attorneys' fees reasonably incurred because of such conduct") (emphasis added); *compare Lubrizol Corp. v. Exxon Corp.,* 957 F.2d 1302, 1308 n. 13 (5th Cir.1992) ("the amount claimed by Exxon [and awarded by the district court] is for the entire course of the proceedings"). On remand, the court should differentiate between the portions of the total sanctions award attributable to each of the respective rule violations.

Secondly, we are not convinced that the district court sufficiently described the way in which it arrived at the amount it awarded as attorneys' fees and costs. The Appellees submitted figures reflecting their claimed expenses and fees incurred as a result of the entire litigation. The court reduced each of the total sums to be awarded each defendant, arriving at an apparently arbitrary figure. Given the size of the sanction involved here, this is precisely the type of appearance of arbitrariness which the court in *Thomas* sought to eradicate. *See, e.g., Willy,* 855 F.2d at 1173 (reversing an award of attorneys fees where, although claims were supported by affidavits, "[n]either firm submitted sufficiently detailed information from which the district court could determine what portion of these fees and expenses were incurred because of Rule 11 violations. Nor did the district court explain how it derived from these amounts its figure...."); *Johnson,* 488 F.2d at 717 (reversing an award of attorney's fees because "[t]he judgment does not elucidate the factors which contributed to the decision and upon which it was based. *No correlation to the facts and figures submitted by the plaintiffs is visible* " (emphasis added)). We see nothing in the findings from the proceedings below that would illuminate as to the court's decision making process in arriving at these severe sanction amounts. Accordingly, we cannot adequately review that decision for an abuse of discretion.

On remand, the district court must make factual findings which render the sanction awards "quantifiable with some precision." *See Thomas,* 836 F.2d at 883.[7] Also, on remand, the court

_____

[7]Appellees argue that a vacation and remand of the district court's order today will require a sanctions order hundreds of pages long, full of minutiae and detailed factual findings. However, we reiterate what we said in *Johnson:* "[b]y this discussion today we do not attempt to reduce the calculation of a reasonable fee to mathematical precision." 488 F.2d at 720. We merely require that the judge provide some avenue for us to trace his reasoning and review his exercise of discretion.

should make express findings as to the reasonableness of Appellees' expenses and costs, in light of the mitigation requirements we set out in *Thomas.* We recognize that the court warned Appellants of possible sanctions so that Appellants had an opportunity to desist from their objectionable conduct. Of course, this is a form of mitigation, *see Chapman & Cole,* 865 F.2d at 684, but the court must also ensure that Appellee's responses to the sanctionable conduct were not reasonably avoidable or self-imposed. *Thomas,* 836 F.2d at 879.

Finally, the trial court's findings contain no analysis as to whether these sanctions are the least severe sanctions adequate to accomplish the purpose for which the sanction was imposed. *Thomas,* 836 F.2d at 878; *Akin,* 959 F.2d at 535. As we said in *Akin,* "[w]hile the district court has broad discretion to fashion an appropriate sanction, this court on appeal must ensure that the district court discharged its duty to impose the least severe sanction adequate." *Id.* In assessing a sanction of this magnitude, the court should make explicit the factors it considered in choosing this type and amount of the sanction; which alternative sanctions it considered; and why the sanction chosen was the least severe sanction adequate to serve the purpose. *Id.*

### III. CONCLUSION

For the reasons set out above, "the amount of and basis for the sanction must be reconsidered by the district court in light of the standards set out in *Thomas."* *Willy,* 855 F.2d at 1172. We wish to ensure that the district court's justification for imposing the sanctions corresponds to the amount of those sanctions, before we review his decision for an abuse of discretion. *See Jennings v. Joshua Independent School District,* 877 F.2d 313, 322 (5th Cir.1989), *appeal after remand,* 948 F.2d 194 (1991).

Therefore, the portion of the lower court order imposing sanctions on Appellants Manuel, McDonald, and Jacobs is AFFIRMED; and the portion imposing sanctions on Lopez is VACATED and that portion is REMANDED for further factual determinations consistent with this opinion.