United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-21352**

_____

**Lynnda M. Addington,**

**Plaintiff - Appellee,**

**versus**

**Gerald D. Addington,**

**Defendant - Appellant.**

_____

**Appeal from the United States District Court
For the Southern District of Texas
02-CV-564**

_____

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Gerald D. Addington challenges the district court's finding of contempt and order of sanctions for failure to comply with various bankruptcy court orders relating to a settlement agreement with Appellee Lynnda M. Addington, Appellant's former wife. Appellant contests the bankruptcy and district courts' subject matter jurisdiction and claims the district court abused its discretion in finding Appellant in contempt and awarding sanctions. We affirm the district court's order.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court previously held, in a final judgment between the same parties to the same core dispute at issue here, that the bankruptcy court had subject matter jurisdiction to enforce the parties' settlement agreement. Therefore, the Appellant's reassertion of the same subject matter jurisdiction challenge amounts to a collateral attack on the district court's prior judgment.

The Supreme Court has held that "[a]fter a Federal court has decided the question of the [subject matter] jurisdiction over the parties as a contested issue," the court has no further basis, absent an allegation of fraud, to revisit that decision. Stoll v. Gottlieb, 305 U.S. 169, 171-72 (1938); see also Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1051-53 (5th Cir. 1987) (adopting the holding of Stoll). The Appellant does not allege fraud. Because the question of subject matter jurisdiction has been finally decided, we will not revisit the issue.

This court reviews both contempt findings and the award of damages for abuse of discretion. Am. Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 547, 578 (5th Cir. 2000). "The district court's underlying findings of fact are reviewed for clear error and its underlying conclusions of law reviewed de novo." Id. The district court found that the Appellant failed to comply with both the settlement agreement and a subsequent turnover order. These factual findings are not clearly erroneous. The district court did not abuse its discretion in finding the Appellant in civil

contempt.  See In re Terrebonne Fuel & Lube, Inc., 108 F.3d 609, 612 (5th Cir. 1997) (a civil contempt order "coerce[s] compliance with a court order").

The district court awarded the Appellee $14,568.75, which represented her attorney's fees for arguing the contempt motion, as a sanction for the Appellant's civil contempt.[1]  The district court's opinion sufficiently addressed the four factors outlined by this court in Topalian v. Ehrman, 3 F.3d 931, 937 (5th Cir. 1993), finding the attorney's fees award to be the least severe sanction. Therefore, the district court did not abuse its discretion in sanctioning the Appellant in an amount equal to the Appellee's attorney's fees incurred in arguing the contempt motion.  The judgment of the district court is **AFFIRMED**.

---

[1]  The Appellant argues that, by partially enforcing the settlement agreement, the Appellee is bound by the election of remedies doctrine.  It is undisputed that the Appellee has not fully collected the amount owed her under the agreement.  On this basis alone, though others could be advanced, the election of remedies doctrine does not apply.  See Thornton, Summers, Biechlin, Dunham & Brown, Inc. v. Cook Paint & Varnish, 82 F.3d 114, 116 (5th Cir. 1996) (the election of remedies doctrine bars relief when the choice between two inconsistent remedies constitutes a "manifest injustice").