**In re Martin Louis BROWN, Jr., Debtor.**

No. 06–40285.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

March 11, 2009.

Gary A. Armstrong, Armstrong Kellett Bartholow PC, Dallas, TX, Molly W. Bartholow, Dallas, TX, Theodore Bartholow, Dallas, TX, for Martin Louis Brown, Jr.

Alane A. Becket, Becket & Lee LLP, Malvern, PA, for eCAST Settlement Corporation.

Michael W. Deeds, Linebarger, Heard, Goggan, Blair et al., Dallas, TX, for Dallas County.

Jason E. Goldstein, Buchalter Nemer, Irvine, CA, for Citi Residential Lending, Inc.

Jennine Hovell-Cox, Law Offices of Jennine Hovell-Cox, Houston, TX, for AMC Mortgage Services.

Patrick David McCarren, Hughes Watters Askanase, Houston, TX, for American Home Mortgage Servicing, Inc.

Brendetta A. Scott, Hughes, Watters & Askanase, Houston, TX, for AMC Mortgage Services, Citi Residential Lending, Inc.

Karen G. Shropshire, Dallas, TX, for Trinity Floor Co.

Mark Stromberg, Stromberg Stock, Dallas, TX, for American Exp. Travel Related Services Co., Inc., eCAST Settlement Corp.

Lauren M. Tang, Buchalter, Nemer, Fields & Younger, Irvine, CA, for AMC Mortgage Services.

### *MEMORANDUM OPINION*

ROBERT C. McGUIRE, Bankruptcy Judge.

This matter is before the Court following a hearing on a request by Citi Residential Lending, Inc. (*"Citi"*) seeking to withdraw its previously-filed motion for relief from the automatic stay and the co-debtor stay. The debtor objected to Citi's attempt to withdraw its motion and requested sanctions against Citi or its counsel pursuant to 28 U.S.C. § 1927. At the hearing, the Court also heard and considered the debtor's response to Citi's motion for relief in which he requested sanctions against Citi or its counsel pursuant to 28 U.S.C. § 1927 or 11 U.S.C. § 105(a), among other things.

## I. JURISDICTION

This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (G) and (O), and the Court has jurisdiction to enter a final order in this matter.

## II. FACTS

The debtor, Martin Louis Brown, Jr., initiated this case on March 4, 2006. Prior to bankruptcy, the debtor's wife, Laura M. Brown, executed a Texas Home Equity Adjustable Rate Note dated April 19, 2005 (the *"Note"*). The debtor and his wife both executed a Texas Home Equity Security Instrument (First Lien) dated April 19, 2005 (the *"Security Instrument"*). Pursuant to the Note and Security Instrument, Ameriquest Mortgage Company (*"Ameriquest"*) loaned $292,000 to the debtor's wife and received, in return, a lien on the home purchased by the debtor and his wife.

There is no question in this case that Ameriquest properly perfected its lien on the debtor's home or that the Note was serviced for some time by AMC Mortgage Services, Inc. (*"AMC"*). AMC repeatedly appeared in this bankruptcy case and represented to the Court that it was acting as the loan servicer for Ameriquest. In particular, AMC filed a proof of claim on March 21, 2006, AMC objected to the debtor's proposed plan on July 5, 2006, and AMC filed a motion for relief from the automatic stay on March 9, 2007. The debtor did not file a response to AMC's motion for relief, and AMC filed a notice withdrawing its motion on March 23, 2007.

On May 22, 2008, AMC filed a notice that its proof of claim had been transferred to Citi as the loan servicer for Deutsche Bank National Trust Company. On January 9, 2009, Citi filed a motion for relief from the automatic stay and the codebtor stay (the *"Motion"*) based on alleged payment defaults under the Note.

Citi disclosed in the Motion that Ameriquest had assigned the loan to Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005–R5, Under the Pooling and Servicing Agreement Dated as of July 1, 2005, Without Recourse, pursuant to an Assignment of Note and Transfer of Liens (the *"Assignment"*) dated October 31, 2005. The Assignment was filed and recorded in the real property records on November 22, 2005.

Hughes Watters Askanase L.L.P. (*"Hughes Watters Askanase"*), which previously served as counsel for AMC in connection with this case, filed the Motion as counsel for Citi. After receiving the debtor's objection to its Motion, Citi sought to withdraw the Motion. After receiving the debtor's objection to its attempt to withdraw the Motion, Citi filed a document entitled "Notice of Change of Disbursement Address." This document is dated February 9, 2009, and states that Citi has sold the Note to American Home Mortgage. The document further states that servicing of the note "will be transferred effective January 1, 2009," to American Home Mortgage. Significantly, the effective date of the transfer is prior to the time that Citi filed its Motion.

The Court heard Citi's attempt to withdraw its Motion, the debtor's response to the Motion, and the debtor's objection to Citi's attempt to withdraw its Motion on March 4, 2009. The Court construes the debtor's various arguments as, essentially, a request for sanctions against Citi or its counsel. Although Citi did not file any response to the debtor's request for sanctions, Citi and its counsel, Hughes Watters Askanase, had notice of and an opportunity to respond to the debtor's claims. Further, counsel for Citi appeared at the hearing and opposed the debtor's request for

sanctions. At the hearing, the debtor requested an award of approximately $4,675 for his attorney's fees incurred in connection with this matter.

## III. ANALYSIS

■■■ The debtor in this case invokes 28 U.S.C. § 1927 as authority for sanctions against Hughes Watters Askanase. Section 1927 provides "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.[1] The Fifth Circuit has interpreted the requirement that an attorney's conduct must be vexatious and unreasonable as requiring evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *See Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998).

> Punishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense. We therefore require a detailed finding that the proceedings were both 'unreasonable' and 'vexatious'.

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir.1996) (cit-

ing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994))

■■■ The debtor also invokes the Court's authority under § 105(a) of the Bankruptcy Code to sanction Citi and Hughes Watters Askanase. Section 105(a) of the Bankruptcy Code allows the bankruptcy court to issue any order that is "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Consistent with the Supreme Court's decision in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), a bankruptcy court's authority under § 105 comports with its inherent power to sanction. *See also, e.g., Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (noting the "broad authority granted to bankruptcy judges to take any action that is necessary or appropriate to 'prevent an abuse of process'"); *U.S. v. Sutton*, 786 F.2d 1305, 1307 (5th Cir.1986) (noting that § 105(a) "authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code"). Several courts have concluded that § 105(a) provides a basis for a bankruptcy court to make an award of attorney's fees under appropriate circumstances. *See, e.g., Jones v. Bank of Santa Fe*, 40 F.3d 1084 (10th Cir.1994) (recognizing bankruptcy court's inherent power under § 105(a) to sanction debtor's president for bad faith filing); *Brown v. Mitchell*, 827 F.2d 1219, 1221–22 (8th Cir.1987) (determining that "to not allow a bankruptcy

---

1. The Fifth Circuit has not addressed the question of whether bankruptcy courts have authority to impose sanctions under 28 U.S.C. § 1927. Other courts have concluded that, as a unit of the district court, which is a "court of the United States," a bankruptcy court has the authority to award sanctions under 28 U.S.C. § 1927. *See, e.g., In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 103–105 (3rd Cir.2008); *In re Osborne*, 375 B.R. 216

(Bankr.M.D.La.2007). The reasoning in these opinions is persuasive and supports the conclusion that this Court is a "court of the United States" within the meaning of 28 U.S.C. § 1927. *But see, e.g., In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084 (10th Cir.1994) (holding that bankruptcy court was not "court of the United States," and thus lacked jurisdiction to sanction Chapter 11 debtor's president for having filed petition in bad faith).

court to impose attorney's fees [under § 105(a)] as sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between the court systems"); *In re Paige*, 365 B.R. 632, 639 (Bankr.N.D.Tex.2007) (imposing attorney's fees under § 105(a) as a sanction for conduct that was intentional, deceitful and done in bad faith); *In re Gorshtein*, 285 B.R. 118, 124 (Bankr.S.D.N.Y.2002) (recognizing that "[c]ourts have held that [the] language [of § 105(a)] is broad enough to empower the court to impose sanctions in conjunction with its inherent power").

■ The Court, having considered the evidence and arguments presented by the parties, finds that Citi and Hughes Watters Askanase did not act in bad faith or with improper motive. However, the Court concludes that Citi and Hughes Watters Askanase did act with reckless disregard of their duty to this Court by attempting to remedy their lapses in a careless fashion and only after the debtor challenged Citi's standing. Citi and Hughes Watters Askanase failed to present any testimony or other evidence establishing that their motions seeking relief from the automatic stay and the co-debtor stay had a reasonable basis in fact and law. Because a motion seeking relief from the stay to foreclose on a debtor's home must have a high degree of reliability, the Court concludes that sanctions are appropriate in this case against Hughes Watters Askanase pursuant to 28 U.S.C. § 1927 and against Citi and Hughes Watters Askanase pursuant to § 105(a) of the Bankruptcy Code.

■■ The particular sanction imposed in any case must be "tailored to fit the particular wrong." *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir.1993) (extending the analytical principles for determining sanctions under Rule 11 "across-the-board" to all of the court's sanction powers). In assessing the sanction here, there was insufficient credible proof of the reasonableness of the requested $4,675 in fees for time spent responding to the motions for relief from stay filed by Hughes Watters Askanase for AMC and Citi. Moreover, the fees as alleged by counsel for the debtor were clearly excessive. The Court finds and concludes that an award of $650 in fees against Citi and Hughes Watters Askanase, jointly and severally, is appropriate in this case based on the Court's determination of the reasonable number of hours expended by counsel for the debtor at a reasonable rate of $250 per hour.

## IV. CONCLUSION

For these reasons and the reasons stated on the record at the conclusion of the hearing on March 4, 2009, the Court concludes that the debtor's request for sanctions should be granted, in part, in that Citi and/or Hughes Watters Askanase shall pay to Bartholow & Bartholow, the attorneys for the debtor, the total sum of $650.00 for reasonable attorney's fees in representing the debtor in connection with this matter. The Court further concludes that Citi's request to withdraw its Motion should be granted without prejudice pursuant to Federal Rule of Bankruptcy Procedure 7041 and 9014. The Court will enter a separate Order consistent with this Memorandum Opinion.