# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10723

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2016

Lyle W. Cayce
Clerk

TIMOTHY WHITE

> Plaintiff

v.

REGIONAL ADJUSTMENT BUREAU, INCORPORATED, doing business as
RAB, Inc.

> Defendant – Appellee

v.

MARSHALL MEYERS,

> Respondent – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1817

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.*

PER CURIAM:**

Our prior opinion is withdrawn, and the following is substituted in its
place.

---

* Judge Elrod concurs in the judgment only.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-10723

The underlying dispute in this case concerned claims under consumer protection statutes by Dr. Timothy White, represented by Noah Radbil of the law firm Weisberg & Meyers, against Regional Adjustment Bureau, Inc. ("RAB"). The merits of that case were not appealed, but the case did spawn attorney sanctions that were appealed and ultimately split into two appellate cases. We recently resolved the appeal concerning Radbil by modifying the sanctions to a one-year suspension from practice in the Northern District of Texas (the "Northern District") and affirming liability for attorneys' fees. *White v. Reg'l Adjustment Bureau, Inc.* (*Radbil*), No. 15-10655, 2015 WL 7740524, at *1–2 (5th Cir. Dec. 1, 2015).

This appeal addresses sanctions issued against the managing partner of Radbil's firm, Marshall Meyers. Following five hearings and full briefing, the district court entered an eighty-three-page order that, in addition to sanctioning Radbil by awarding reasonable and necessary attorneys' fees for time spent by RAB's counsel addressing Radbil's conduct and suspending Radbil from practice before the Northern District for three years, also assessed the same punishment against Meyers. Meyers did not personally appear at the underlying trial that gave rise to *Radbil*, but did personally appear at the sanctions hearings thereafter. As to Meyers, we VACATE the term of suspension, and MODIFY the award of attorneys' fees.

The lengthy briefing and oral argument, as well as the previous discussion in *Radbil*, obviate the need for a protracted discussion here. We are certainly hopeful that the kind of interchange we witnessed here will not be repeated such that this opinion is written primarily for the parties. We adopt the reasoning of *Radbil* with respect to the standard of review and the issue of defense counsel's involvement in advocating for sanctions beyond attorneys' fees. We write only to summarize our disposition of Meyers's other challenges as follows:

No. 15-10723

1. *Meyers's Role.* At first blush, Meyers's implicit argument that he is being punished for "guilt by association" seems appealing. But digging deeper, we conclude that Meyers's role in the sanctions hearings was not that of the disinterested attorney hired only as an advocate for an unrelated client. RAB sought sanctions against Meyers's firm and Radbil. When Meyers appeared at the sanctions hearing, he stated that he was there "representing [Weisberg & Meyers], and to the extent the [c]ourt allows, Mr. Radbil as well." Thus, any misrepresentations he made to the court cannot be excused as mere unwitting misstatements as part of advocacy for a client.

2. *Suspension.* We previously modified the sanction against Radbil to one year (from three years). Meyers contends that he was not adequately notified of the potential for disbarment-like sanctions in this case. We need not decide this issue because we conclude that the conduct Meyers committed, while improper, is not as egregious as that of Radbil such that the sanction of suspension cannot stand. We VACATE that sanction.

3. *Bad Faith Finding.* The district court determined that Meyers himself made and perpetuated some of the same misrepresentations put forth by Radbil. At least to the extent of the sanctions affirmed herein, we conclude that the finding of bad faith was adequately explained, supported by clear and convincing evidence,[1] and not clearly erroneous. *See Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001) ("A court [imposing inherent power sanctions] abuses its

---

[1] We need not decide whether the clear and convincing standard applies to sanctions in the form only of attorneys' fees, as we conclude that this sanction is supported by clear and convincing evidence of bad faith. *Cf. Crowe*, 261 F.3d at 563 ("In attorney suspension and disbarment cases, the finding of bad faith must be supported by clear and convincing proof.").

3

discretion when its finding of bad faith is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.").

4. *Attorneys' Fees.* We conclude that the evidence before the district court does not support that Meyers did anything to cause the original problems during the underlying trial that gave rise to the subsequent sanctions hearings. However, the district court determined that Meyers's conduct after the first sanctions hearing included misrepresentations to the court that fomented the dispute and prolonged the proceedings, and that determination was not clearly erroneous. Accordingly, we conclude that the district court erred in assessing joint liability for the trial attorneys' fees but did not err in assessing joint liability for the attorneys' fees from the second sanctions hearing to conclusion, to the extent that those fees were attributable to Meyers's misconduct. The district court has not yet assessed an amount of those fees, and we leave to the district court in the first instance the question of how much of the fees related to the sanctions hearings, if any, should be properly assessed against Meyers. We note that "[t]he district court must demonstrate some connection between the amount of monetary sanctions it imposes and the sanctionable conduct by the violating party" and should not attribute to Meyers self-imposed costs unreasonably incurred by RAB in investigating and arguing extraneous matters. *Topalian v. Ehrman*, 3 F.3d 931, 937 (5th Cir. 1993).[2]

Suspension VACATED; liability for attorneys' fees MODIFIED.

---

[2] We note also that RAB has not sought an award of attorneys' fees against Meyers on statutory grounds; the sole basis for an award of fees against Meyers is the district court's inherent authority.