ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Moonschein Industries LLC ) ASBCA No. 61755
)
Under Contract No. W9124G-18-C-0004 )

APPEARANCES FOR THE APPELLANT: Ms. Denise Moonschein
CEO
Mr. Mark Moonschein
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Felix S. Mason, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE CATES-HARMAN ON THE GOVERNMENT'S MOTION TO DISMISS

This appeal was taken from a contracting officer's final decision (COFD) terminating the contract for default. While appellant's complaint requested recovery of costs incurred during the period between August 6, 2018 and August 14, 2018, as well as the "debt resulting from the performance of the contract," no claim was ever submitted to the contracting officer for decision. (Compl. ¶ 10) Only the default termination is before us. After the government converted the termination for cause to a termination for convenience, the Government moved to dismiss for lack of jurisdiction on the ground that the appeal was "moot." We agree and grant the motion to dismiss.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The Contracting Officer awarded Contract No. W9124G-18-R-0004 on July 2, 2018, to Moonschein Industries LLC (appellant) in the amount of $1,166,366.00, for grounds maintenance services on Fort Rucker, Alabama (R4, tab 4).

2. Performance bonds were required under the terms of the contract in an amount equal to 100 percent of the original contract price, and were to be provided within ten days of award but in no event later than before work started (R4, tab 4 at 100).

3. The contract incorporated by reference the Federal Acquisition Regulation (FAR) Part 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (OCT 2008), allowed the government to terminate the contract or any part thereof, for

cause in the event of any default of the contract, or if the contractor failed to comply with any terms and conditions (R4, tab 4 at 88).

4. On July 17, 2018, the contracting officer requested information from appellant concerning the submission of insurance and performance bond documentation. Appellant was instructed to contact Fort Rucker, Director of Public Works (DPW) that day. (R4, tab 10)

5. On July 24, 2018, appellant forwarded an email from an insurance agent requesting that the bonding requirement be modified (R4, tab 13 at 3).

6. On August 3, 2018, the contracting officer issued an Order to Show Cause for failure of appellant to provide the required performance and payment bonds in the time specified in the contract. Appellant was advised that the government was considering terminating the contract for default and was provided an opportunity to present, in writing, any facts bearing on the failure within ten days after receipt of this notice. (R4, tab 28)

7. Appellant was to begin work on August 6, 2018 (R4, tab 16). On August 13, 2018, a letter was forwarded to the contracting officer advising that a bond request had been submitted to Financial Surety Underwriters, LLC on behalf of appellant. No performance and payment bonds were provided at that time. (R4, tab 49)

8. On August 14, 2018, the contracting officer terminated the contract for cause citing the appellant's failure to provide the required performance and payment bonds within the time required by the terms and conditions of the contract (R4, tabs 53, 56).

9. A notice of appeal of the contracting officer's termination for default was filed with the Board on August 17, 2018. The appeal was docketed as ASBCA No. 61755. Accordingly, only the propriety of the termination is before the Board.

10. Appellant filed a complaint on October 12, 2018, requesting that the contracting officer convert the termination for default to a termination for convenience and sought payment for "the conforming and acceptable work performed prior to termination as well as payroll and lease agreements owed" (compl. ¶ 2).

11. On December 17, 2018, the contracting officer signed bilateral Modification No. 4 converting the termination for cause under FAR 52.212-4(m) to a termination for convenience of the government under FAR 52.212-4(l), and adding the sum of $3,722.59, to the contract for payment and invoice purposes. Modification No. 4 included release language as follows: "In consideration of the modification agreed to herein as complete and equitable adjustment, the Contractor hereby releases the Government from any and all liability under this contract for further equitable adjustment attributable to such facts

2

or circumstances giving rise to the aforesaid described modification." There was no reservation of any monetary claims added to the release language. Appellant signed bilateral Modification No. 4 the following day. (Gov't mot., ex. 1)

12. On May 1, 2019, the government moved to dismiss the appeal as moot.

13. By Order dated May 9, 2019, the Board directed appellant to either respond to the government's motion or notify the Board if it did not oppose dismissal. On June 16, 2019, appellant filed a response to the motion stating that "[w]e do not agree with the dismissal because of the reasons referenced in the letter attached below." Appellant attached the letter that was previously filed as the complaint asking that the government convert the termination for default to a termination for convenience, and seeking payment for "the conforming and acceptable work performed prior to termination as well as payroll and lease agreements owed." (App. resp. at 1-2)

## DECISION

Once the government converted the termination for default to a termination for convenience, with no evidence that the action was taken in bad faith, there is no longer any claim before us upon which we can base jurisdiction. *Teddy's Cool Treats*, ASBCA No. 58384, 14-1 BCA ¶ 35,601 at 174,410; *Kamp Systems, Inc.*, ASBCA No. 54253, 09-2 BCA ¶ 34,196 at 168,995. Here, after the appeal was docketed and pleadings were filed, the government converted the termination for default to one for the convenience of the government. We accept that the contracting officer was acting in good faith. *Empire Energy Mgmt. Sys., Inc.*, ASBCA No. 46741, 03-1 BCA ¶ 132,079 at 158,553, *aff'd*, 362 F.3d 1343 (Fed. Cir. 2004). The government voluntarily converted the termination to one for convenience, and while we are not privy to the negotiations that took place between the parties, the appellant signed off on Modification No 4. Since the only issue before us is the termination for default (SOF ¶ 9), which the government voluntarily converted to one for convenience, the appeal is moot. *Combat Support Associates*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288 at 176,974 (the government rescinded two COFDs divesting the Board of jurisdiction); *see also L-3 Communications Integrated Systems, L.P.*, ASBCA Nos. 60431, 60432, 16-1 BCA ¶ 36,362 at 177,253 (where the contracting officer unequivocally rescinded a government claim, without evidence of bad faith, there is no longer any claim before the Board to adjudicate and the appeal will be dismissed as moot). The final decision that provided the jurisdictional basis for this appeal no longer exists—there must be a live controversy for the Board to adjudicate. Accordingly, there is nothing left for us to decide, and the appeal is moot. *URS Federal Support Services, Inc.*, ASBCA No. 60364, 17-1 BCA ¶ 36,587 at 178,204.

Where the government's corrective action "adequately addressed the effects of the challenged action, and there is no reasonable expectation that the action would recur" the case should be dismissed. *Chapman Law Firm Co. v. Greenleaf Construction Co.*, 490

3

F.3d 934, 940 (Fed. Cir. 2007). Here, the contracting officer unequivocally rescinded the COFD terminating the contract for default and terminated the contract for the convenience of the government. While we recognize that appellant sought in its pleadings reimbursement for "the conforming and acceptable work performed prior to termination as well as payroll and lease agreements owed," there was no separate claim submitted to the contracting officer for decision.* Without a claim by appellant seeking monetary relief, there is no jurisdiction over appellant's request for reimbursement. With all matters properly before the Board resolved, the appeal is dismissed as moot. Such dismissals are without prejudice as to the merits. *URS Federal Support Services, Inc.*, 17-1 BCA ¶ 36,587 at 178,204-05.

## CONCLUSION

Accordingly, the appeal is dismissed.

Dated: September 11, 2019

STEPHANIE CATES-HARMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

* We do not have before us a claim by appellant for costs incurred during the performance. Even if appellant had filed a claim with the CO demanding payment of these costs, and then filed a subsequent appeal, it appears that the parties may have resolved all costs in Modification No. 4, which contains release language with no reservation for the costs the appellant is now seeking. Since the only thing before us is the propriety of the termination, we will not opine on a claim not properly before us.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61755, Appeal of Moonschein Industries LLC, rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals
