# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40508

JOSE FERNANDO CARDENAS-LIRA,

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2020

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

CLAY ODOM; HUGO MARTINEZ,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-184

Before CLEMENT, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Fernando Cardenas-Lira, federal prisoner # 82905-379, is serving an 84-month sentence for possession of child pornography. Raising claims challenging his conviction, Cardenas-Lira filed the instant civil rights action against Special Agent Clay Odom of Homeland Security Investigations and Assistant United States Attorney Hugo R. Martinez. Cardenas-Lira asserted that they conspired against him and engaged in malicious prosecution, prosecutorial misconduct, abuse of process, and obstruction of justice by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly obtaining a search warrant and an arrest warrant based on conduct that was not illegal, planting evidence, and committing perjury.  Because no court had reversed or otherwise invalidated Cardenas-Lira's conviction, the district court dismissed as frivolous the complaint pursuant to *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  The district court imposed monetary sanctions, and barred Cardenas-Lira from filing any civil actions in the district court without first paying the sanction and obtaining the court's permission, based on his history of filing abusive and duplicative pleadings.

By moving to appeal in forma pauperis (IFP), Cardenas-Lira challenges the district court's certification that his appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).  We may dismiss the appeal if it is apparent that it would be meritless. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

Cardenas-Lira offers only a bare recitation of his claims and procedural history of his case and related cases; he does not challenge the district court's determination that his claims were barred by *Heck.*  By failing to address any of the district court's reasons for dismissal and certification, he has abandoned any issue crucial to his appeal and IFP motion. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  In addition, Cardenas-Lira has not established that the district court abused its broad discretion in imposing sanctions. *See Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993).

No. 19-40508

Because Cardenas-Lira fails to show that his appeal involves any nonfrivolous issue, his IFP motion is DENIED, and this appeal is DISMISSED AS FRIVOLOUS.  *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Cardenas-Lira's civil rights complaint as frivolous and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 135 S. Ct. at 1762-63. Cardenas-Lira is warned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).