# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

SOUTHERN UNITED STATES TRADE ASSOCIATION; JERRY HINGLE;
BERNADETTE WILTZ,

Plaintiffs – Appellees

v.

SUMIT GUDDH

Defendant – Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1669

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

The defendant, Sumit Guddh, appeals the district court's imposition of sanctions against him and the district court's grant of summary judgment to the plaintiffs – the Southern United States Trade Association ("SUSTA"), Jerry Hingle, and Bernadette Wiltz[1] – on their defamation claims against Guddh. As a result of Guddh's discovery abuses and violation of court orders, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Unless noted otherwise, we use SUSTA to refer to all of the plaintiffs.

No. 13-31086

district court imposed a severe sanction – striking all of Guddh's pleadings in the case. After doing so, the district court granted SUSTA's motion for summary judgment on the issue of liability for the defamatory comments. Subsequently, the district court also granted SUSTA's motion for summary judgment on the amount of damages, holding Guddh and his co-defendant Juyasis Mata, liable *in solido* for $158,942 to SUSTA, and $50,000 to each individual plaintiff.[2] Guddh and Mata were also enjoined from republishing the statements. Because we hold that the district court did not abuse its discretion in imposing these severe sanctions and that summary judgment was proper, we AFFIRM the judgment of the district court.

I.

In 2010, Guddh contacted SUSTA seeking assistance for one of Guddh's businesses. SUSTA denied Guddh's request citing his company's lack of operating history. Following this denial, a series of offensive comments were made about SUSTA on several websites; these comments included unflattering allegations about SUSTA's professional activities and comments that impugned the character of high-level SUSTA employees.

In June 2010, SUSTA filed this lawsuit. Because SUSTA had not yet discovered who posted the offending comments, the original lawsuit named "John Does 1-12" as defendants. SUSTA later discovered that the statements originated from an IP address associated with Guddh and received permission to amend its complaint to name Guddh as a defendant. Guddh's inclusion touched off a tortured discovery process.

First, the court sanctioned Guddh for failure to respond to discovery requests. The court then granted a several-weeks-long stay because Guddh indicated that he would be in India during that period. After the stay was

---

[2] Mata is not a party to this appeal.

2

lifted, the court ordered Guddh to pay SUSTA attorneys' fees of $2,475 for Guddh's failure to respond to the discovery requests. Guddh has yet to pay this amount.

Because Guddh remained in India, SUSTA agreed to conduct his deposition via telephone. During the deposition, Guddh was (at the very least) evasive. Acting *pro se*, Guddh refused to answer routine questions such as where he attended college, refused to answer relevant questions on the grounds that they were "overly broad," and claimed that information such as his home address and whether he had sold a business were "privileged." SUSTA suspended the deposition and filed a motion to compel Guddh to appear for an in-person deposition in the hope that the magistrate judge could monitor the deposition. The court granted this motion, and Guddh was ordered to appear for an in-person deposition. He failed to appear as ordered. Guddh then requested permission to attend a pre-trial conference via telephone rather than in person as required by the court's scheduling order. This request was denied, and the court made clear to Guddh that any failure to appear in person could result in sanctions "including, but not limited to, sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions." To make the matter more clear, the court issued another order explicitly directing Guddh to appear in person at the pre-trial conference. Guddh failed to appear.

As a result of these transgressions, the court sanctioned Guddh by striking all of his pleadings. The court then granted SUSTA's motions for summary judgment on liability and on damages. The court entered a final judgment ordering Guddh to pay each individual plaintiff $50,000 for harm to their reputation and emotional distress, and $158,942 to SUSTA for costs that SUSTA incurred in repairing the damage caused by the statements. Guddh now brings this appeal.

No. 13-31086

## II.

## A.

Guddh's main contention on appeal is that the district court erred in imposing a sanction as severe as striking all of his pleadings. A district court's imposition of sanctions is reviewed for abuse of discretion. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Where an imposed sanction is severe, we must conduct a "particularly scrupulous" review. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

Rule 37 "authorizes a district court to strike pleadings of . . . a party that fails to comply with a discovery order." *U.S. for the Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987). A district court order must provide a sufficient basis for the review of its decision, but the court "need not provide specific factual findings in every sanction order." *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993). "[T]he degree and extent to which a specific explanation must be contained in the record will vary accordingly with the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 883 (5th Cir. 1988) (en banc). In the Rule 11 sanction context, we have emphasized "the importance of an adequate record for appellate review in those cases in which the violation is not apparent on the record and the basis and justification for the trial judge's Rule 11 decision is not readily discernible." *Id.* In deciding on which sanction to impose, "the district court should carefully choose sanctions that foster the appropriate purpose of the rule, depending on the parties, the violation, and the nature of the case." *Topalian*, 3 F.3d at 936 (citing *Thomas*, 836 F.2d at 877).

Here, the district court did not abuse its discretion in striking Guddh's pleadings. Although the striking of all pleadings is a serious sanction that

requires an explicit factual basis from the district court, the district court order supplied a sufficient factual basis for the sanctions.  The court had previously sanctioned Guddh for discovery abuses – a sanction Guddh has yet to pay – and Guddh still failed to abide by the court order and appear in person for his deposition and the pre-trial conference.  After Guddh's first failure to appear (for his deposition), the court explicitly warned Guddh prior to the pre-trial conference that he must appear in person and that failing to do so would lead to the imposition of severe sanctions "including, but not limited to, sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions."  Guddh once again failed to appear.

We have upheld the striking of a party's pleadings based on discovery abuses in the past.  *See, e.g., KeyBank Nat. Ass'n v. Perkins Rowe Assocs., L.L.C.*, 539 F. App'x 414, 417–20 (5th Cir. 2013) (unpublished) (affirming the district court's striking of defenses and counterclaims based on discovery abuses); *Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184–85 (5th Cir. 2008) (unpublished) (same).  Guddh abused the discovery process through his failure to respond to discovery requests or appear for depositions.  In addition, he violated an explicit court order to appear for the pre-trial conference.  These transgressions, combined with the district court's knowledge that earlier monetary sanctions had no curative effect, provide a substantial factual basis for striking Guddh's pleadings.

Guddh argues that the district court should not have imposed such a sanction in his case because his violation of the court's order was not willful.  *See Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998) (requiring a showing of bad faith for dismissal of a suit to be authorized as a sanction).  Guddh's argument is unavailing.  In determining whether a violation is willful, the court may "rely on its complete understanding of the parties' motivations." *Id*.  Here, the district court observed Guddh's discovery abuses, his evasive and

obstructive behavior during his deposition, his failure to appear for an in-person deposition, and his failure to appear for a pre-trial conference in violation of the court's direct instructions and despite the court's warning that failure to appear would lead to sanctions including "sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions." From this pattern of behavior, there is no error in finding that Guddh's actions were willful.[3]

## B.

Guddh next argues that, even if the district court was correct in granting summary judgment to SUSTA on liability, the district court erred in granting summary judgment to SUSTA on the issue of damages. We review a grant of summary judgment de novo. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). "Under Louisiana law, the plaintiff must prove damages with reasonable certainty, but this merely means that the plaintiff must prove damages by a preponderance of the evidence as in other civil contexts." *Mobil Exploration and Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 101–02 (5th Cir. 1995).

Here, SUSTA provided sufficient evidence of its damages to satisfy this burden. Both Hingle and Wiltz filed affidavits describing the effect the statements had on them. SUSTA provided documentation of expenditures that it undertook to combat the negative effect the statements had on its reputation. Additionally, the plaintiffs included affidavits from other individuals in the trade community that work with SUSTA. These affidavits further supported the claims that these defamatory comments cast SUSTA and its employees in

---

[3] Guddh also argues that summary judgment on liability was inappropriate because his pleadings raised several material issues of fact. Having decided that the district court did not abuse its discretion in striking these pleadings, we need not reach this argument.

No. 13-31086

a negative light.  The district court did not err in granting summary judgment to SUSTA on the amount of damages based on these submissions.

C.

Finally, Guddh argues that the district court erred in holding Guddh and Mata liable *in solido* instead of apportioning liability individually, which Guddh argues is required under Louisiana law.  Again, Guddh's argument is misplaced.  Guddh cites two articles of the Louisiana Code of Civil Procedure for support, but these procedural rules are not binding in federal court.  *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) ("Federal courts apply state substantive law in diversity jurisdiction cases, but apply federal procedural law.").

Here, the district court, after striking Guddh's pleadings, held that Guddh and Mata were liable for conspiring to defame SUSTA and the individual plaintiffs.  Based on this conspiracy, Guddh and Mata were properly held liable *in solido* based on Louisiana substantive law.  *Chrysler Credit Corp. v. Whitney Nat. Bank*, 51 F.3d 553, 561 (5th Cir. 1995) (recognizing that under Louisiana law, a party who conspires with another is liable *in solido*).

III.

Because we hold that the district court did not err in striking Guddh's pleadings, in calculating the damage amount, or in holding Guddh and Mata liable *in solido* for that amount, we AFFIRM the judgment of the district court.

7