**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1711**

PAKUJA CRYSTAL VANG,

Plaintiff - Appellant,

v.

CATAWBA MEDICAL CENTER; CATAWBA VALLEY FAMILY MEDICINE CLAREMONT; BETHANY MEDICAL CENTER; FRYE NEUROLOGY; EMERGEORTHO; EMERGEORTHO PHYSICAL THERAPY; LINCOLN FINANCIAL GROUP; NOVANT HEALTH MATTHEWS MEDICAL CENTER; CAROLINA EMG SPECIALISTS; LINCOLN INTERNAL MEDICINE; CONES INTERNAL MEDICINE; HICKORY SOCIAL SECURITY OFFICE; ORTHOCAROLINA; ORTHOCAROLINA ORTHOPEDIC; ATRIUM HEALTH WAKE FOREST BAPTIST, Rheumatology - Westchester; PRIVIA MEDICAL GROUP; INOVASPINE; INOVA NEUROLOGY; ONEHEALTHMEDICALCARE; ORTHO VIRGINIA; WALMART PHARMACY; BURKE COUNTY SOCIAL SERVICES; THE HEALTH PLAN; CAREFIRST; BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA; ANTHEM HEALTHKEEPERS; BRIGHT HEALTHCARE; HEALTHSMART PHARMACY; SPECORTHO; MOSES CONES SPORT MEDICINE CENTER; NEUROLOGY CENTER; WAKEMED RALEIGH CAMPUS, Adult Emergency Room; DES CENTRAL OFFICE, Location; UPS STORE; UNITED STATES POSTAL SERVICE; NC MEDICAL BOARD; NC WHISTLE PROTECTION LABOR,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:23-cv-00018-MR-WCM)

Submitted:  December 10, 2024                    Decided:  February 20, 2025

_____

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Pakuja Crystal Vang, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pakuja Crystal Vang seeks to appeal the district court's February 9, 2023, memorandum of decision and order dismissing with prejudice her civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] As explained below, we dismiss for lack of jurisdiction.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, the district court entered its dismissal order on February 9, 2023, so Vang had 60 days from the entry of that order, or until April 10, 2023, to appeal it.[2] But Vang did not file her notice of appeal until June 20, 2023. Although Vang filed a postjudgment motion to amend the complaint about two weeks after the district court entered the

---

[1] In her notice of appeal, Yang designated a later, postjudgment district court order. But her informal brief addresses only the court's February 9, 2023, dismissal, and we thus understand her to have appealed that decision. *See Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014) (taking "functional approach" to identifying decision on appeal).

[2] The district court's dismissal order also directed Vang to show cause why a prefiling review system should not be imposed against her. Despite that direction, the dismissal aspect of the district court's order was final and appealable. *Cf. Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988) ("[A] decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."); *Bogney v. Jones*, 904 F.2d 272, 273 n.1 (5th Cir. 1990) (recognizing that dismissal order was final and appealable despite pending sanctions motion under Fed. R. Civ. P. 11).

3

dismissal order, that motion did not toll the appeal period. *See* Fed. R. App. P. 4(a)(4)(A) (specifying motions that toll appeal period); *cf. EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1023 n.1 (11th Cir. 2016) (ruling that a postjudgment motion for leave to amend the complaint tolled the appeal period because "it challenged the basis for the district court's dismissal of the original complaint"). Because Vang did not timely appeal the dismissal order, we lack jurisdiction to review that order.

Accordingly, we dismiss Vang's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4